XAVIER BECERRA, State Bar No. 118517
Attorney General of California
R. LAWRENCE BRAGG, State Bar No. 119194
Supervising Deputy Attorney General
WILLIAM MCCASLIN, State Bar No. 249976
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7350
 Fax: (916) 324-5205
 E-mail: William.McCaslin@doj.ca.gov
*Attorneys for Defendants*
*D. Garland, J. Johnson and C. Seely*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **RASHAD HARPER,**<br><br>                                 Plaintiff,<br><br>     v.<br><br>**D. GARLAND, et al.,**<br><br>                                 Defendants. | 2:18-cv-02153 TLN AC (PC)<br><br>**DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL**<br><br>Judge:         The Honorable Allison Claire<br>Trial Date:    Not Set<br>Action Filed:  August 7, 2018 |

Defendants Garland, Johnson and Seely hereby answer Plaintiff's Civil Rights Complaint By a Prisoner ("Complaint") (ECF No. 1), filed August 7, 2018, as follows:

1. In response to Section A of the form Complaint, entitled "Jurisdiction," Defendants admit that this Court has jurisdiction in this matter.

2. In response to Section B of the form Complaint, entitled, "Defendants," numbers 1 through 3, Defendants Garland, Johnson and Seely admit that they are, and were, correctional officers at California State Prison - Sacramento (CSP-SAC) during all relevant times. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

1

3. In response to Section C of the form Complaint, entitled "Previous Lawsuits," Defendants lack sufficient knowledge or information to admit or deny the allegations in this section, and on that basis, deny them.

4. In response to Section D of the form Complaint, entitled, "Cause of Action," Claim I, Defendants deny that they violated Plaintiff's Eighth Amendment rights. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

5. In response to Section D of the form Complaint, entitled, "Cause of Action," Claim II, Defendants note that Plaintiff's Fourteenth Amendment claims were screened out and dismissed by this Court. Nevertheless, Defendants deny that they violated Plaintiff's Fourteenth Amendment rights. Defendants also deny that their actions were deliberately indifferent, deny that they violated Plaintiff's constitutional rights, and deny that they falsely accused Plaintiff of battery on a peace officer. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them. (*See* ECF No. 9.)

6. In response to the attachment to Plaintiff's Complaint, Section I, entitled, "Introduction," Defendants deny they used excessive force against Plaintiff, deny that there was a "failure to intervene in the use of excessive force by Defendant(s) against Plaintiff," deny that they obstructed justice or covered up their actions, and deny that their actions were misconduct. Defendants deny that they violated Plaintiff's Eighth Amendment rights. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

7. In response to the attachment to Plaintiff's Complaint, Section II, entitled, "Jurisdiction and Venue," paragraphs 1 and 2, Defendants admit that this Court has jurisdiction in this matter, and that venue is appropriate. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

8. In response to the attachment to Plaintiff's Complaint, Section III, entitled, "Parties," paragraph 3, Defendants admit that Plaintiff was incarcerated at CSP-SAC at all relevant times based on the allegations contained in this Complaint. Defendants deny that Plaintiff is currently

incarcerated at CSP-SAC, but rather at Kern Valley State Prison in Delano, California. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

9. In response to the attachment to Plaintiff's Complaint, Section III, entitled, "Parties," paragraph 4, Defendants Garland and Seely admit that they are and were correctional officers at CSP-SAC at all relevant times to this lawsuit. Defendants Garland and Seely lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

10. In response to the attachment to Plaintiff's Complaint, Section III, entitled, "Parties," paragraph 5, Defendant Johnson admits to being a correctional sergeant at all relevant times in this lawsuit. Defendant Johnson lacks sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, denies them.

11. In response to the attachment to Plaintiff's Complaint, Section IV, entitled, "Statement of Facts," paragraph 1, Defendants admit that on February 14, 2018, Plaintiff was housed in A Facility at CSP-SAC and was in the exercise yard. Defendants Garland and Seely admit that K-9 officer "Jackson" was also on the exercise yard. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

12. In response to the attachment to Plaintiff's Complaint, Section IV, entitled, "Statement of Facts," paragraph 2, Defendants admit that Plaintiff called K-9 officer "Jackson" a "F**king Mutt." Defendants Garland and Seely admit that they heard Plaintiff's derogatory statement to officer "Jackson." Defendants Garland and Seely deny that they became "offended and angry" when they heard Plaintiff's derogatory statement towards K-9 officer "Jackson." Defendants Garland and Seely lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

13. In response to the attachment to Plaintiff's Complaint, Section IV, entitled, "Statement of Facts," paragraph 3, Defendants admit that after Plaintiff made a derogatory statement towards K-9 officer "Jackson," Plaintiff was ordered to submit to handcuffs and was

1  escorted to the A Facility Sallyport to be placed in a holding cell. Defendants lack sufficient
2  knowledge or information to admit or deny the remaining allegations in this section, and on that
3  basis, deny them.
4       14.   In response to the attachment to Plaintiff's Complaint, Section IV, entitled,
5  "Statement of Facts," paragraph 4, Defendants deny that they called Plaintiff "racial" names, or
6  any insulting names, in any manner. Defendants lack sufficient knowledge or information to
7  admit or deny the remaining allegations in this section, and on that basis, deny them.
8       15.   In response to the attachment to Plaintiff's Complaint, Section IV, entitled,
9  "Statement of Facts," paragraph 5, Defendant Seely denies that he stated, "Now its time to put
10 your Black ass where you belong you f**king monkey." Defendants lack sufficient knowledge or
11 information to admit or deny the remaining allegations in this section, and on that basis, deny
12 them.
13      16.   In response to the attachment to Plaintiff's Complaint, Section IV, entitled,
14 "Statement of Facts," paragraph 6, Defendants Garland and Seely admit that after Plaintiff made
15 the derogatory statement about K-9 officer "Jackson" and was handcuffed, they each took one of
16 Plaintiff's arms and escorted Plaintiff to A Facility Sallyport, where he was directed into a
17 holding cell. Defendants lack sufficient knowledge or information to admit or deny the remaining
18 allegations in this section, and on that basis, deny them.
19      17.   In response to the attachment to Plaintiff's Complaint, Section IV, entitled,
20 "Statement of Facts," paragraph 7, Defendants Garland and Seely admit that they were escorting
21 Plaintiff to the holding cell, but deny that Plaintiff used one of his legs to "slow the impact" and
22 to "prevent being smashed against the [s]teel [c]age." Defendants Garland and Seely lack
23 sufficient knowledge or information to admit or deny the remaining allegations in this section,
24 and on that basis, deny them.
25      18.   In response to the attachment to Plaintiff's Complaint, Section IV, entitled,
26 "Statement of Facts," paragraph 8, Defendants Garland and Seely deny that they "proceeded to
27 lift Plaintiff's body off the ground and [s]lammed him to the pavement." Defendant Garland
28 admits that after Plaintiff head-butted Defendant Seely, and after Plaintff was then taken to the

4

ground, Defendant Garland placed his shin on Plaintiff's back, and Plaintiff stated, "Ok, I'm not resisting anymore." Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

19. In response to the attachment to Plaintiff's Complaint, Section IV, entitled, "Statement of Facts," paragraph 9, Defendants admit that they advised Plaintiff to "Stop resisting." Defendants deny that they were "beating Plaintiff." Defendants admit Plaintiff, while resisting, was screaming and yelling at the officers. Defendant Garland denies that he told Plaintiff, "Shut up N****r." Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

20. In response to the attachment to Plaintiff's Complaint, Section IV, entitled, "Statement of Facts," paragraph 10, Defendant Seely denies that he placed his knee on the side of Plaintiff's head, and denies that he took Plaintiff's hand and bent it with enough force that Plaintiff "felt something pop and agony as if they had broke[n] his [w]rist." Defendant Seely lacks sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, denies them.

21. In response to the attachment to Plaintiff's Complaint, Section IV, entitled, "Statement of Facts," paragraph 11, Defendant Seely denies that he said, "F**k you N****r." Defendant Johnson denies that he "watch[ed] the events of his [s]taff and did nothing to intervene," but rather, noticing Plaintiff's strange behavior as he waited in the holding cell after attacking Defendant Seely, ordered Plaintiff to submit to a urinalysis. Defendants Seely and Johnson lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

22. In response to the attachment to Plaintiff's Complaint, Section IV, entitled, "Statement of Facts," paragraph 12, Defendants deny that they justified their actions of 'Unnecassary [sic] and Excessive Use of Force" by conspiring to falsify disciplinary allegations that Plaintiff spit on K-9 officer "Jackson" and that Plaintiff head-butted Defendant Seely. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

23. In response to the attachment to Plaintiff's Complaint, Section IV, entitled, "Statement of Facts," paragraph 13, Defendants lack sufficient knowledge or information to admit or deny the allegations in this section, and on that basis, deny them.

24. In response to the attachment to Plaintiff's Complaint, Section V, entitled, "First Cause of Action," Defendants deny that they imposed cruel and unusual punishment or treatment on Plaintiff, deny that they used unnecessary or excessive force, and deny that their conduct violated Plaintiff's Eighth Amendment rights. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

25. In response to the attachment to Plaintiff's Complaint, Section V, entitled, "First Cause of Action," paragraph 1, Defendants lack sufficient knowledge or information to admit or deny the allegations in this section, and on that basis, deny them.

26. In response to the attachment to Plaintiff's Complaint, Section V, entitled, "First Cause of Action," paragraph 2, Defendants Garland and Seely deny that their actions were not justified when they used physical force after Plaintiff assaulted Defendant Seely. Defendants Garland and Seely deny that they "continued to express their prejudice and [h]ate toward Plaintiff with their [r]acial [c]omments." Defendants Garland and Seely deny that they "maliciously" acted in a deliberately indifferent manner to harm Plaintiff and disregard his Eighth Amendment rights. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

27. In response to the attachment to Plaintiff's Complaint, Section V, entitled, "First Cause of Action," paragraph 3, Defendants Garland and Seely deny that they were "inflictting [sic] their brutality upon Plaintiff without cause." Defendant Johnson denies that he "failed to intervene" and denies that he "[w]itnessed their [e]xcessive [f]orce they were inflicting on Plaintiff." Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

/ / /

/ / /

28. In response to the attachment to Plaintiff's Complaint, Section V, entitled, "First Cause of Action," paragraph 4, Defendants deny that they filed a disciplinary report against Plaintiff that was "completely fabricated alleging Plaintiff had spit on the K9 – Johnson [should be "Jackson"]." Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

29. In response to the attachment to Plaintiff's Complaint, Section V, entitled, "First Cause of Action," paragraph 5, Defendants deny that their actions violated 42 U.S.C. § 1983, and further deny that they deprived Plaintiff of any rights, privileges and benefits secured by the U.S. Constitution. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

30. In response to the attachment to Plaintiff's Complaint, Section V, entitled, "First Cause of Action," paragraph 6, Defendants deny that their conduct demonstrates deliberate indifference to Plaintiff's Eighth Amendment rights. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this section, and on that basis, deny them.

31. In response to the attachment to Plaintiff's Complaint, Section V, entitled, "First Cause of Action," paragraph 8[1], Defendants deny that a direct and foreseeable result of their conduct has caused Plaintiff suffering. Defendants lack sufficient knowledge or information to admit or deny the allegations in this section, and on that basis, deny them.

32. In response to the attachment to Plaintiff's Complaint, Section V, entitled, "Second Cause of Action," including paragraphs 1 through 4, Defendants note that Plaintiff's Fourteenth Amendment claims were screened out and dismissed by this Court. Nevertheless, Defendants deny that they violated Plaintiff's Fourteenth Amendment rights, deny that they used excessive force, deny that they fabricated disciplinary reports, and deny that their actions were in violation of 42 U.S.C. § 1983. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in these sections, and on that basis, deny them.

---

[1] Plaintiff's Complaint skips paragraph 7 under his First Cause of Action.

33. Except as expressly admitted above, Defendants deny every allegation in Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

1. To the extent that Plaintiff has failed to exhaust his available administrative remedies as to his claims against Defendants in this action, they are barred under 42 U.S.C. § 1997e(a).

2. To the extent that Plaintiff suffered any injury consistent with his claims in this lawsuit, such injury was caused by a third party not named in this lawsuit.

3. Defendants acted as reasonable prison professionals at all times relevant to Plaintiff's Complaint, and did not violate Plaintiff's constitutional rights. Defendants are therefore entitled to qualified immunity from Plaintiff's claims.

4. To the extent that Plaintiff fails to make any showing of physical injury, his claims for emotional and mental damages are barred by 42 U.S.C. § 1997e(e).

5. Because the Complaint is couched in conclusory terms, Defendants cannot anticipate every affirmative defense that may become applicable. On that basis, Defendants reserve the right to add additional affirmative defenses as become necessary.

6. Plaintiff's Complaint, it its entirety and through each separately stated claim for relief, fails to state facts sufficient to constitute a viable claim for punitive or exemplary damages under state or federal law.

7. Because the Complaint is couched in conclusory terms, Defendants cannot anticipate every affirmative defense that may become applicable. On that basis, Defendants reserve the right to add additional affirmative defenses as become necessary.

**DEMAND FOR JURY TRIAL**

Under Rule 38 of the Federal Rules of Civil Procedure, Defendants demand that this matter be tried before a jury.

///

///

///

**PRAYER FOR RELIEF**

Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of this action;
2. That judgment be rendered in favor of Defendants;
3. That Defendants be awarded costs of suit and attorney's fees; and
4. That Defendants be awarded such other relief as the Court deems proper.

Dated: May 6, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
R. LAWRENCE BRAGG
Supervising Deputy Attorney General

*/s/ William McCaslin*
WILLIAM MCCASLIN
Deputy Attorney General
*Attorneys for Defendants*
*D. Garland, J. Johnson and C. Seely*

SA2019101056
13698560.docx

# CERTIFICATE OF SERVICE

Case Name:  **Harper (AY5884) v. Garland, et al.**     No.  **2:18-cv-02153 TLN AC (PC)**

I hereby certify that on <u>May 6, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>May 6, 2019</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Rashad Harper, AY5884**
**Kern Valley State Prison**
**P.O. Box 5103**
**Delano, CA  93216-6000**
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>May 6, 2019</u>, at Sacramento, California.

|  P. Pimentel  |  */s/ P. Pimentel*  |
|---|---|
| Declarant | Signature |

SA2019101056
13706408.docx